■ In the Matter of the STATE DIVISION OF HUMAN RIGHTS, Respondent, v. THOMAS GILLOTTE et al., Respondents.—Motion to dismiss petition unanimously granted and enforcement order granted in accordance with Memorandum, all without costs. Memorandum: On the 6th and 20th of January, 1971 complainants Glenda Jordan and Lula Phillips, both Blacks, filed complaints, respectively, with the respondent, New York State Division of Human Rights (Division) charging that appellants, Thomas and Rose Gillotte, had unlawfully discriminated against them in October and November, 1970 in regard to a housing accommodation. The Division, after investigation, determined that probable cause existed, consolidated the two cases and ordered a hearing to be held April 20, 1971. In his findings of fact made following the hearing the Commissioner concluded that appellants, Thomas and Rose Gillotte, had denied complainants, Glenda Jordan and Lula Phillips, available housing accommodations because of their race and color. As a result, the Commissioner signed an order dated December 24, 1971 which directed appellants to "cease and desist" from discriminating against any person in housing accommodations and also directed appellants to take certain affirmative action. The State Human Rights Appeal Board affirmed the decision and order of the Commissioner on September 28, 1972. On December 27, 1972 the Division made a motion before us for enforcement of its order of December 24, 1971. By notice dated January 12, 1973, the appellants appealed for judicial review of all the proceedings in this matter. The Division by cross motion dated January 19, 1973 moved to dismiss appellants' appeal as untimely. In connection with the motion to dismiss, the statute provides that any person aggrieved by an order of the Appeal Board may obtain judicial review in a proceeding instituted within 30 days

after service of the order (Executive Law, § 298) which in this case was dated September 28, 1972. Appellants' notice of appeal dated January 12, 1973 was clearly untimely. Nevertheless, where there is a pending enforcement order, as here, we may, and in this case do, consider appellants' petition for review as an answer in the enforcement proceeding (*Matter of Moskal* v. *State Division of Human Rights,* 36 A D 2d 46, 49) and in such case, we review the Division's determination on the merits (*Matter of State Division of Human Rights* v. *Bystricky,* 30 N Y 2d 322). Upon " the record considered as a whole " we conclude that the board's order, which affirmed the finding by the Division of discrimination on the part of appellants, is supported by substantial evidence (Executive Law, § 298). We next consider enforcement of the affirmative directives contained in the Division's order of December 24, 1971 (Executive Law, § 297). No. (1) directs payment of $450 to complainant Glenda Jordan as compensatory damages and payment of $100 to complainant Lula Phillips. In each instance there was sufficient evidence to support the award of compensatory damages required to be paid for increased rent (*State Division of Human Rights* v. *Janica,* 37 A D 2d 444, 447). Since the sums represent an actual out-of-pocket loss occurring as a result of a discriminatory act, they were properly awarded (see *Matter of State Division of Human Rights* v. *Luppino,* 35 A D 2d 107, affd. 29 N Y 2d 558). Ordering paragraphs (2), (3), (4) and (5) directly effectuate the purposes of the act and are, therefore, proper and enforcible (*State Division of Human Rights* v. *Janica,* 37 A D 2d 444, 446, supra; *Matter of State Comm. for Human Rights* v. *Kennelly,* 30 A D 2d 310, affd. 23 N Y 2d 722). Ordering paragraph (7) is too broad in terms of duration of the requirement to make compliance information available to the Division and should, in view of the time limitation imposed in the other ordering paragraphs, be limited to a similar two-year period (*State Division of Human Rights* v. *Stern,* 37 A D 2d 441, 444). Thus fixed in time it would be properly enforcible (*State Division of Human Rights* v. *Janica, supra,* p. 447). Finally, we must consider, in reviewing the Division's application for an enforcement order, proof in the record as to noncompliance with respect to the various ordering paragraphs. We find sufficient factual proof of noncompliance with ordering paragraphs Nos. (1), (3), (4) and (5) to support an order for their enforcement. Ordering paragraph No. (2) having been complied with, needs no order of enforcement. There is no factual proof of noncompliance with ordering paragraph No. (6), hence, no order may issue with respect to it (*State Division of Human Rights* v. *Stern, supra,* p. 444). The motion for an enforcement order should be granted on the law only with respect to ordering paragraphs Nos. (1), (3), (4) and (5). Ordering paragraph No. (7) should be modified by limiting its duration to a two-year period and it should otherwise be granted. (Motions pursuant to section 298 of the Executive Law, to review order of Appeal Board.) Present — Goldman, P. J., Del Vecchio, Witmer, Cardamone and Henry, JJ.